STATE OF MAINE

*vs.*

EASTERN STEAMSHIP LINES INC.

Cumberland. Opinion October 7, 1924.

*An owner of a vessel or building used as a nuisance, though he be in possession does not keep and maintain the nuisance and is not criminally liable unless he himself uses the property for the illegal keeping or sale of intoxicants, or unless he knowingly permits such use of his property to be made.*

In the instant case if the respondent's responsible agents knowing that the ship was being used in violation of law, had acquiesced in such use; if they had obstructed the enforcement officers or failed to render them assistance when requested, or if knowing the guilty parties, had continued to employ them, in either such cases permission might well be implied. But in this case no conduct of this kind appears. No express or implied permission is shown.

The fact that the oilers were employees of the respondent does not change the situation. They were employed to handle oil, not alcohol. In their surreptitious bootlegging operations the respondent was not their principal.

On report. The respondent was indicted for maintaining a liquor nuisance on one of its steamships, the Ransom B. Fuller, of the fleet of the respondent operating on the line between Boston and Portland.

It was alleged that certain employees of the respondent on said steamship, viz., three of the oilers, sold intoxicating liquor in violation of law on the steamship while it was tied up at the pier in Portland, the liquor having been surreptitiously concealed in various places on the ship and thus brought to this port. By agreement of the parties the case was reported to the Law Court for the determination of the guilt or innocence of the respondent upon such evidence as was legally admissible. Judgment for the respondent.

The case is stated in the opinion.

*Clement F. Robinson, Deputy Attorney General and Ralph M. Ingalls, County Attorney,* for the State.

*Nathan W. Thompson and Jacob H. Berman,* for the respondent.

Sitting: Cornish, C. J., Philbrook, Dunn, Morrill, Wilson, Deasy, JJ.

Deasy, J. The respondent corporation owns and operates a line of ocean-going steamships plying between Portland and Boston, including the ship Ransom B. Fuller.

Among the men employed on this ship in 1923 were three oilers having polysyllabic Greek names, but who were known as Gus, John and Mike. On several occasions while the ship was lying at the State pier in Portland these oilers sold intoxicating liquor to various persons. At the time of the sales the liquor was taken from the bilges and other hiding places on the vessel. A search afterwards made disclosed other alcoholic liquor similarly concealed on the ship. Gus, John and Mike were arrested and convicted of being common sellers. By the same evidence the State now seeks to convict the owner of the ship under the nuisance statute.

Omitting irrelevant parts, the statute defining nuisance reads: "All places used　.　.　.　.　for the illegal sale or keeping of intoxicating liquor　.　.　.　.　are common nuisances." R. S., Chap. 23, Sec. 1. Amended 1917, Chap. 155.

Obviously the ship was used by Gus, John and Mike for the illegal keeping and sale of intoxicating liquor. She thus became a statutory nuisance. But ownership and possession of a vessel, building or other place, so used as to be a nuisance, does not necessarily prove liability to criminal prosecution. It is "Whoever keeps and maintains such a nuisance" that is so liable—1917 Chapter 155.

An owner even though he be in possession does not keep and maintain the nuisance and is not criminally liable unless he uses the property for the illegal keeping or sale of intoxicants, or unless he knowingly permits such use of his property to be made. *State* v. *Stafford*, 67 Maine, 125. *State* v. *Frazier*, 79 Maine, 95.

In this case it appears that the respondent warned employees not to handle intoxicants, distributed circulars containing extracts from the Federal Prohibition Act; admonished its officials and servants to obey the law; stationed a watchman to prevent unauthorized persons from boarding the vessel; upon learning that some unknown member or members of its crew were bootlegging, it urged the State officers to identify and prosecute the guilty men, offered its aid in such measures and suggested the method which, adopted by the sheriff's office, resulted in the arrest and conviction of the bootleggers.

But notwithstanding the adoption in apparent good faith of all these precautions the counsel for the State argues that the respondent corporation must be held to have knowingly permitted bootlegging upon its ship because it instituted no active measures on its own part to discover and to discharge the guilty men. The State accuses the respondent of a sin of omission.

If the respondent's responsible agents knowing that the ship was being used in violation of law had acquiesced in such use; if they had obstructed the enforcement officers, or failed to render them assistance when requested, or if knowing the guilty parties, they continued to employ them, in either of such cases permission might well be implied. But no conduct of this kind appears. There is no evidence from which the respondent's consent to illicit acts can be fairly implied.

We have not regarded it as necessary to consider whether the ship is a "place of resort" as is for example a social club.

A place of resort is a nuisance, even if liquor is not there sold, if it is given away, drank or otherwise illegally dispensed. *State* v. *Cumberland Club*, 112 Maine, 196.

But on the Ransom B. Fuller intoxicants were sold. The ship was thus shown to be a nuisance whether she were a place of resort or not. But in undertaking to prove that the acts creating the nuisance were knowingly permitted by the respondent the State has failed.

The fact that Gus and the others were employees of the respondent does not change the situation. They were employed to handle oil not alcohol. In their surreptitious bootlegging operations the respondent

was not their principal.   In the absence of express or implied permission no civil responsibility and, with greater reason, no criminal liability attached to their employer.

*Judgment for the respondent.*